UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

Case No. SA CV 08-1444 DOC (Ex)  
(Orange County Superior Court No.: 30-2008-110383)

Date: February 4, 2009

Title: MARIA LIDIA MARTINEZ V. INFINITY INSURANCE COMPANY

DOCKET ENTRY  
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]  
                                             Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER TO REMAND

      Before the Court is Defendant's Infinity Insurance Company Notice of Removal of Civil Action. For the reasons stated below, the Court hereby REMANDS the action.

**I. Factual Background**

      On August 11, 2008, Plaintiff Maria Lidia Martinez ("Plaintiff") filed her First Amended Complaint alleging breach of written contract and breach of the implied covenant of good faith and fair dealing against Defendant Infinity Insurance Company ("Defendant"). According to the amended complaint, Defendant issued an automobile insurance policy to Plaintiff which provided coverage of "car damage not cause by collision...." Plaintiff alleges that she regularly paid her insurance premiums and kept insurance coverage current. Plaintiff alleges that after her car was stolen, Defendant failed to issue property loss payments per the insurance policy. Plaintiff now seeks attorneys fees for $17,500,

property damages for $26,573.43, and punitive damages for $250,000.00. On December 22, 2008, Defendant filed a Notice of Removal alleging the Court has subject matter jurisdiction over the claim as the claim has diversity of citizenship and meets the required amount in controversy.

## II. Legal Standard

Under 28 U.S.C. § 1447(c), the Court must remand a case "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction...." The burden of establishing subject matter jurisdiction falls on defendants, as the party seeking removal. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). Moreover, the removal statute is "strictly construed against removal jurisdiction." *Id.*

## III. Discussion

The Court remands this case because it does not meet the amount in controversy required for diversity jurisdiction and thus lacks subject matter jurisdiction.

A federal court can assert subject matter jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different States...." 28 U.S.C. § 1332. When the amount in controversy depends largely on alleged punitive damages, the court "will scrutinize a claim...more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed." *McCorkindale v. American Home Assurance Co.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995).

Whether punitive damages are sufficient to meet the amount in controversy requirement is a two-part test. *Wiemers v. Good Samaritan Society*, 212 F. Supp. 1042, 1047 (N.D. Iowa 2002). First, punitive damages must be available as a matter of state law. *Id.* Secondly, the court inquires "whether the amount of punitive damages will more likely than not exceed the required amount in controversy." *Id.* Because the original claim was filed in Superior Court of the State of California, an examination of whether punitive damages are available to the Plaintiff in California is appropriate. As noted by a California Court of Appeal, there are no "California case[s] allowing punitive damages when the complaint is based *only* on a contract theory of action." *Frazier v. Metropolitan Life Insurance Co.*, 214 Cal. Rptr. 883, 892 (Ct. App. 1985). Rather, only when "the action proceeds under alternate tort theories in addition to a contract action, then punitive damages may be awarded...." *Id.*

In this case, the amount in controversy is not satisfied. Defendant alleges that the amount in controversy is satisfied because Plaintiff alleges personal property damages for $26,573.43, attorneys fees for $17,500.00, and punitive damages for $250,000.00. Because Plaintiff's complaint only alleges contractual causes of action, punitive damages would not be afforded under California case law. Consequently, because punitive damages cannot be included in the amount in controversy, the

amount in controversy in this claim is only $44,073.43. Thus, because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332, the requirements for diversity jurisdiction are not satisfied and the Court does not have subject matter jurisdiction.[1]

## IV. Disposition

For the foregoing reasons, the Court finds it lacks subject matter jurisdiction per 28 U.S.C. § 1332 and REMANDS the claim.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Because punitive damages are not available in breach of contract claims in California, it is unnecessary to determine "whether the amount of punitive damages will more likely than not exceed the required amount in controversy." *Wiemers*, 212 F. Supp. at 1047.

# NOTICE PARTY SERVICE LIST

Case No.  SA CV08-1444-DOC(Ex)     Case Title  Maria Lidia Martinez -V- Infinity Insurance Company

Title of Document  CIVIL MINUTES (IN CHAMBERS): ORDER TO REMAND

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
| Name: | Orange County Superior Court |
| Firm: | Remand of OCSC #30-2008-110383 |
| Address (include suite or floor): | |
| 700 Civic Center Plaza West | |
| Santa Ana, CA  92701 | |
| *E-mail: | |
| *Fax No.: | |

* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  kh